**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Tara Wolf,  Case No. 3:09CV2744

    Plaintiff

v.  **ORDER**

Antonio Sofo &Sons Importing Co.,

    Defendant

    This is an employment discrimination case in which the defendant has filed a motion for summary judgment. (Doc. 41). With her opposition to the motion (Doc. 44) plaintiff attaches an expert's affidavit.

    In response, defendant has filed a motion to strike the expert's affidavit due to its untimely disclosure and on *Daubert* grounds. (Doc. 49). Plaintiff contends that disclosure was timely and opposes the defendant's *Daubert's* contentions.

    The case management order, as is customary in my cases, set two deadlines for discovery: one within which to complete discovery relating to dispositive motions (such as the pending motion for summary judgment), the other for completion of all other discovery. With regard to disclosure of experts, the order stated:

> A party intending to offer expert testimony as to an issue as to which it has the burden of proof shall provide a copy of its expert(s) report(s) to opposing counsel,

and produce its experts for deposition shortly thereafter; the party not having the burden of proof as to such issue shall thereafter likewise produce its expert(s) report(s) and expert(s) for deposition. Expert discovery to be completed, as relevant, within the discovery deadlines set herein.

Plaintiff contends that he met the disclosure requirement of this order because her expert did not prepare a report. Thus, defendant's first awareness of the existence of a plaintiff's expert and her opinions came with the affidavit attached to plaintiff's opposition to the pending motion for summary judgment.

This, of course, handicaps the defendant in its efforts to respond to the opinions in the report in its reply brief. More importantly, the defendant was unable take discovery of the expert and her opinions, obtain a counter-expert or challenge and/or take into account those opinions when preparing its motion for summary judgment.[1]

Moreover, plaintiff failed to put the plaintiff on notice, as Fed. R. Civ. P. 26(a)(2)(C) and (D), relating to disclosure of the opinions of experts not providing reports and designating the time for such disclosure. Where not otherwise required by a court order, disclosure under Rule 26(a)(2)(D) (i) must occur within ninety days before trial. Provided, at the earliest, on January 6, 2012 (the date of signing), the affidavit was untimely, in view of the recently vacated March 12, 2012, trial date.

Nonetheless, I will overrule the motion to strike, without prejudice, and grant leave to defendant to depose the plaintiff's expert, produce, if it wants, a counter-expert (subject likewise to discovery by plaintiff) and file a renewed *Daubert* motion, if such appears appropriate. In the event that defendant prevails at the trial or on other final disposition of this case, it will have leave to seek

---

[1] This also prevented this court's consideration of the expert's opinions, by way of a timely *Daubert* challenge, before defendant even filed its motion for summary judgment.

reimbursement from plaintiff for the additional attorneys' fees and costs incurred by the discovery authorized herein. Plaintiff shall, of course, have an opportunity to oppose any such request.

I am also amending by form case management conference order to require expressly that the deadline for pre-dispositive motion discovery includes disclosure and time to take discovery of experts not providing reports.

In light of the foregoing, it is

ORDERED THAT:

1. Defendant's motion to strike (Doc. 49) be, and the same hereby is overruled, without prejudice, for the reasons and as provided herein;

2. Plaintiff to produce expert for deposition by April 1, 2012, and promptly respond to any prior discovery requests; defendant to produce report, if any, and expert for deposition within two weeks thereafter; such discovery to be completed by May 1, 2012;

3. Leave granted to defendant to renew motion to strike, if desired, on or before May 15, 2011.

4. Status/scheduling conference set for May 21, 2012, at 11:00 a.m.

So ordered.

/s/ James G. Carr
Sr. United States District Judge

So ordered.

/s/ James G. Carr
Sr. United States District Judge